BRIGGS H. MOULTRIE, plaintiff in error, *vs.* WILLIAM ELROD, defendant in error.

By the Act of 1841. (*Cobb* 389, 390) an insolvent debtor is entitled to keep an only horse, provided his value does not exceed fifty dollars. If the horse is worth more than that, he should be sold—fifty dollars of the proceeds re-invested in a horse for the benefit of the debtor's family ; and the net surplus, after deducting the cost, paid to the creditor.

Rule against Sheriff, in Cherokee Superior Court. Decision by Judge HAMMOND, at June adjourned Term, 1857.

Under a *fi. fa.* in favor of Briggs H. Moultrie, *vs.* William Elrod, the Sheriff levied upon the only horse belonging to the defendant Elrod, and sold the same at Sheriff sale, for the sum of sixty dollars.

At June adjourned Term, of the Superior Court of Cherokee county, defendant Elrod took the following rule against the Sheriff: After stating the case, "on motion of counsel in behalf of the defendant in this case: It is ordered, that W. R. D. Moss, deputy Sheriff, return the *fi. fa.* in said case, and show cause instanter, or as soon as counsel can be heard, why he shall not pay to defendant's attorney, from the sale of defendant's last and only horse, and claimed under the Act of the Legislature, allowing the head of a family one horse worth fifty dollars."

To this rule, the Sheriff answered that he did levy the *fi. fa.* on defendant's horse, it being the only horse that defendant owned, so far as he (the Sheriff) was able to find or believe ; and no schedule being offered or claim in any way whatever interposed or objection made to the sale of said horse, he proceeded to advertise and sell said horse in terms of the law, at public outcry, which was bid off at the sum of sixty dollars, and after deducting cost, leaving the sum of fifty-one dollars and eighty-seven cents in his hands, which sum is claimed by the plaintiff in *fi. fa.* The Sheriff states that he is ready to pay out the money as he may be directed by the Court.

On hearing the rule and answer, the Court ordered the Sheriff to pay over to the Inferior Court of the county of Cherokee, out of the proceeds of the horse sold by him as the property of the defendant in said *fi. fa.*, (said horse being the only one possessed by said defendant, and being worth more than fifty dollars) the sum of fifty dollars, said sum to be appropriated by said Inferior Court to the purchase of a horse for the use and benefit of the family of defendant in *fi. fa.*

To which order and decision, counsel for plaintiff in *fi. fa.* excepted.

J. R. BROWN, for plaintiff in error.

BIRD & TEASLEY, for defendant in error.

*By the Court*—LUMPKIN, J. delivering the opinion.

The Act of 1841, *(Cobb* 389, 390,*)* exempts from levy and sale, one horse to an insolvent debtor, provided its value does not exceed fifty dollars. And the preamble to the act recites, that it does not comport with the principles of justice, humanity or sound policy to deprive the family of an unfortunate debtor of a horse, and the means of an honest subsistence. This act then, passed in the spirit of Him who said, "the poor you have always with you," should be beneficially construed.

Suppose the debtor has but one horse, the value of which exceeds fifty dollars. The animal cannot be subdivided and the debtor's interest in it set off by metes and bounds, as in case of land. We must therefore put such an interpretation upon the law as will carry out the wise and benevolent purposes of its authors. The horse under such circumstances, can only be sold, as was done in this case; and fifty dollars of the proceeds turned over for the benefit of the debtor's family. They are entitled to the amount in horse flesh.

No complaint is made by the debtor, that the money was placed in the hands of the Inferior Court to buy another horse. The Inferior Court are the guardians of the poor, and it is better that the money should be invested by them in another horse, than paid over to the debtor himself, to be squandered. Without a horse to work it, the land allowed by law to the debtor's family would be of no avail.

Judgment affirmed.